### THEIS v. QUINN et ux. (No. 1956.)

(Court of Civil Appeals of Texas. El Paso. Jan. 6, 1927.)

Mortgages ⬾141—Homestead exempted by deed of trust, continuing prior deed of trust without exemption, held not subject to lien of deficiency judgment.

Where note and deed of trust securing it both recited claim of homestead, and deed of trust recited that loan was to take up preexisting indebtedness, whose lien was continued, fact that deed of trust securing previous loan did not exempt homestead did not render homestead subject to lien for deficiency on foreclosure of second deed of trust.

Appeal from District Court, Gaines County; Gordon B. McGuire, Judge.

Suit by Josephine Theis against J. W. Quinn and others; all defendants except the Quinns being dismissed on filing disclaimers. From a judgment foreclosing a deed of trust, but refusing to foreclose a lien on the homestead of defendants Quinn, plaintiff appeals. Affirmed.

Lockhart & Garrard, of Lubbock, for appellant.

Morrison & Morrison, of Big Spring, for appellees.

WALTHALL, J. Josephine Theis, a feme sole, brought this suit against J. W. Quinn and Zora Quinn, his wife, First State Bank of Seminole, Ruth Morley Hudson, and O. A. Hudson to recover the sum of $1,237.50, alleged to be the balance of principal, interest, and attorney's fee due upon a promissory note, and to foreclose a deed of trust upon 200 acres of land in Gaines county, and claimed by the Quinns to be their homestead. All of the defendants except the Quinns filed disclaimer and were dismissed. The suit was tried without a jury, and the trial judge filed findings of fact which reflect the issues upon which judgment was entered for appellees. The issues found, with fuller statement of the contents of the note and deeds of trust, briefly stated, are as follows:

On December 12, 1908, J. W. Quinn executed a deed of trust on sections 6, 14, and 15, in block A-7, Gaines county, to secure a loan of $3,750 from a Midland bank; on February 5, 1913, Quinn and wife executed a deed of trust on sections 6 and 15, block A-7, to secure Mrs. Cora E. Morley in a loan of $2,000, the trust deed reciting that said loan was to be used in taking up the former loan, and that the holder of the latter note and lien was subrogated to the rights of the holder of the former note and lien, and the deed of trust reciting that no part of the land constituted the homestead, but that the homestead of 200 acres was a part of a section not contained in the deed of trust. On May 6, 1918, the note and deed of trust sued on were given by Quinn and wife to appellant, Josephine Theis. The note was for $2,500, payable to appellant, due in five years, and providing for interest and attorney's fees; the note recites that it is secured by a deed of trust of even date with the note to Otto Stolley, trustee, conveying all of sections 6 and 15, in block A-7, and reciting that:

"The payment of the note is further secured by certain liens continued on said property in said deed of trust."

The note further recites:

"The makers hereof claim that their homestead consists of 200 acres of land out of the northwest corner of said section No. 6."

The deed of trust given to secure the $2,-500 further recited the conveyance to Otto Stolley, and his substitutes, trustees, all of sections 6 and 15, both in block A-7, in Gaines county. It further recites that:

"Grantors represent that they are residing on said section No. 6, and that they claim 200 acres out of the northwest corner of the same as their homestead, and it is agreed that this conveyance is made subject to said homestead of 200 acres, wherever the same may lie."

It recites:

"It is agreed and understood that part of said sum is being used by the makers of said note to pay the note for the principal sum of $2,000, dated February 5, 1913, * * * to the order of Cora E. Morley."

It recites that:

It is "further agreed that the said Josephine Theis is subrogated to all of the rights and liens of the holders of said note for $2,000, and that the liens herein granted and contained are hereby continued as liens on said property as further security for the payment of said note for $2,500."

May 6, 1918, Cora E. Morley transferred her note and lien to Ruth Morley Hudson. Ruth Morley Hudson made no transfer of said note and lien to Josephine Theis, or to any one, but on May 28, 1918, fully released to the Quinns said note and lien.

On September 4, 1923, Otto Stolley, as trustee, in the deed of trust of May 6, 1918, to secure the $2,500 to Josephine Theis, sold all of said sections 6 and 15, except the 200-acre homestead out of said section 6, to George E. Lockhart for $2,000 cash.

In addition to the above, the court finds and states in the judgment that the plaintiff

---

⬾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

caused all of said sections 6 and 15 to be sold under the deed of trust, and that said land sold for $2,000, which amount was credited on plaintiff's note, and that the unpaid balance, principal, interest, and attorney's fee was $1,130.34.

Quinn and wife each testified that, when the note and deed of trust involved in this suit were given in 1918, they were then occupying the said 200 acres of land, on said section 6, as their homestead, and had continued to do so with no intention of abandonment, having sold the place they formerly occupied in 1913.

The trial court concluded from the facts stated that Josephine Theis, plaintiff, in no event could be subrogated to a lien on all of said sections 6 and 15 to secure any amount above $2,000, the amount of the Cora E. Morley note, and the said sections, less the 200-acre homestead of defendants, having brought that amount at trustee's sale on September 4, 1923, there could be no lien on the homestead acreage for any other amount. Also, the deed of trust and note executed by defendant to plaintiff and Otto Stolley, trustee, reciting defendant's claim to the homestead, and that said deed of trust was made subject to said claim, the deed of trust did not include the 200 acres of land, and further, the lien given to secure the loan by Ruth Morley Hudson having been fully released by her, the 200 acres were and are held by defendants free, of any claim of plaintiff, and her plea for foreclosure should be denied.

This appeal is based on the refusal of the trial court to foreclose a lien on the 200 acres out of section 6, the homestead of the Quinns at and subsequent to the 28th of May, 1918, the date of the making of the note and deed of trust on sections 6 and 15 to appellant Josephine Theis.

### Opinion.

Appellant insists that she is entitled to have foreclosed the liens existing on the 200 acres of land, part of section 6, the homestead of appellees, because her $2,500 loan, represented by her note and deed of trust of date May 28, 1918, was a loan made to discharge and take up a pre-existing indebtedness on said section, including said 200-acre homestead, beginning with the loan by the Midland bank in 1908, and the previous indebtedness was carried forward down to and included in her loan in 1918, and previous to any homestead claim on said section and her note and the deed of trust of that date given to secure said note, each referring to the pre-existing lien, and provided that the payment of this note is further secured by said liens continued on said property in her said deed of trust, and the $2,500 loaned having been used to pay off and discharge the previous indebtedness on said land.

We think, however, that a complete answer to appellant's claim to any lien, whether a pre-existing one or the lien expressed in the note and deed of trust given in 1918, so far as the 200-acre homestead is involved, is found in the note and deed of trust themselves. On each it is stated that at that time appellees had established their homestead on 200 acres of section 6, and the deed of trust, after stating the location of the 200-acre homestead on section 6, recites that:

"It is agreed that this conveyance is made subject to said homestead of 200 acres, wherever the same may lie."

We think that appellees, at the time of the making of the note and deed of trust, having, as a fact, fixed their homestead on the land, and the note and deed of trust each having recited the existence of the homestead, and the parties having agreed that the conveyance of the land in the deed of trust was made and accepted subject to the homestead, the homestead was thereby removed from any question of any character of liens, regardless of the purpose of the loan or the use made of the money loaned. Appellant foreclosed her deed of trust on the sections 6 and 15, other than the 200-acre homestead, and realized therefrom the sum of $2,000, which was applied to the payment of her note, and in this suit received a personal judgment against each of appellees for the unpaid balance of the note, including interest and attorney's fees, of which no complaint is made.

The case is affirmed.